UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CARLOINA

EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE SCALIA,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>)<br>) | FILE NO.<br>_____ |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| LALAJA, INC. dba CERRO GRANDE MEXICAN<br>RESTAURANT,<br>JOSE ARTURO GASCA, and<br>MARIA GASCA, | )<br>)<br>)<br>) | **C O M P L A I N T** |
| Defendants. | )<br>) | **(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to § 17 of the Fair Labor Standards Act ("Act"), 29 U.S.C. § 217, against Lalaja, Inc. d/b/a Cerro Grande Mexican Restaurant ("Cerro Grande"), Jose Arturo Gasca ("Mr. Gasca"), and Maria Gasca ("Ms. Gasca") (collectively "Defendants"), seeking relief under §§ 15(a)(3), 17, and 16(c) for back wages, liquidated damages, compensatory damages, punitive damages, and an injunction against future violations.

I

    A.    This Court has jurisdiction over this action pursuant to Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 (federal question) and 1345 (United States as plaintiff).

    B.    Venue lies in the United States District Court, Eastern District of North Carolina, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the

events or omissions giving rise to the instant claims occurred in this district.

II

      A.      Defendant Cerro Grande, at all times hereinafter mentioned, has been a corporation having a place of business and doing business in New Bern, Craven County, North Carolina, within the jurisdiction of this Court.

      B.      Defendant Mr. Gasca, at all times hereinafter mentioned, acted directly or indirectly in the interest of Defendant Cerro Grande in relation to their employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d). Mr. Gasca serves as President of Cerro Grande. Mr. Gasca, with Ms. Gasca, makes all executive and managerial decisions for Cerro Grande regarding its employees (such as supervising and hiring/firing employees) and is responsible for the general operation of the business.

      C.      Defendant Ms. Gasca, at all times hereinafter mentioned, acted directly or indirectly in the interest of Defendant Cerro Grande in relation to their employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d). Ms. Gasca is the Vice President of Cerro Grande. Together with Mr. Gasca, Ms. Gasca makes all executive and managerial decisions for Cerro Grande regarding its employees (such as supervising and hiring/firing employees) and is responsible for the general operation of the business.

      D.      Defendants Cerro Grande, Mr. Gasca, and Ms. Gasca are each persons within the meaning of Section 3(a) of the Act, 29 U.S.C. § 203(a).

III

At all times hereinafter mentioned:

A. Defendants engaged in related activities performed either through unified operation or common control for a common business purpose, and constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since at least March 21, 2017, Defendants repeatedly and willfully violated the provisions of §§ 6, and 15(a)(2) of the Act, 29 U.S.C. §§ 206, and 215(a)(2), by failing to pay employees, including servers, cooks, and other staff, employed in an enterprise engaged in commerce or in the production of goods for commerce the applicable minimum hourly rate.

V

Since at least March 21, 2017, Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees, including, cooks,

washers, and other employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI

Since at least March 21, 2017, Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VII

The Wage and Hour Division (WHD) of the U.S. Department of Labor, through its investigatory authority, determined that Cerro Grande failed to pay several employees correctly in violation of the Sections 206 and 207 of the Act. Mr. Gasca, on behalf of Cerro Grande, consented to the Secretary's findings and entered into a written agreement with WHD in October 2019 to pay $155,491.29 in back wages owed to the eleven (11) identified employees. Mr. Gasca had until November 4, 2019, to pay the employees with preliminary proof of payment due to WHD on November 11, 2019, and final proof of payment due on December 19, 2019. Rather than fulfill his legal obligation, Mr. Gasca instead intimidated, harassed, and threatened employees whom WHD determined were owed back wages. In the course of this egregious conduct, Mr. Gasca committed several acts of retaliation between at least November 7, 2019, and November 25, 2019, by coercing several affected employees to either turn their back wage check over to him or to cash the check and return the cash to him. When employees accepted back wage checks and refused to turn the money over to Defendants, Defendants reduced their work

hours. Further, Mr. Gasca intimidated employees to give false statements of their hours and rates of pay to WHD. Upon the Secretary's information and belief, Mr. Gasca continues to engage in retaliatory behavior in violation of the Act and continues to attempt to evade his financial responsibility to the affected workers.

VIII

By the conduct described in Paragraph VII, Defendants violated the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), by intentionally discriminating against their employees because of their exercise of rights secured by the Act..

IX

As a result of Defendants' egregious conduct of threats and intimidation, the affected employees have suffered multiple losses including lost wages, emotional distress, and other financial losses.

X

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 6(a), 7(a), 11(c), and 15(a)(3) of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three (3) years prior to the commencement of this action, and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter

5

Case 4:20-cv-00189-FL   Document 1   Filed 10/07/20   Page 5 of 6

may be identified and named prior to or at trial); awarding compensatory damages, awarding punitive damages, and for such other and further relief as may be necessary and appropriate including costs of this action.

Respectfully submitted this 7th day of October, 2020.

| | |
|---|---|
| ADDRESS: | KATE S. O'SCANNLAIN<br>Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA 30303 | TREMELLE I. HOWARD<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel |
| Telephone:<br> (404) 302-5458<br> (404) 302-5438 (FAX)<br>Email: EdmondsonCooper.Jana@dol.gov<br> ATL.fedcourt@dol.gov | By:/s/ *Jana J. Edmondson-Cooper*<br>   JANA J. EDMONDSON-COOPER<br><br>   Office of the Solicitor<br>   U. S. Department of Labor<br><br>Attorneys for Plaintiff. |

U.S. DOL SOL Case No. 0400-20-00143