UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
Eastern Division
Civil Action No.: 4:20-CV-00189-FL

| | |
|---|---|
| AL STEWART, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>LALAJA, INC., d/b/a CERRO GRANDE MEXICAN RESTAURANT, JOSE ARTURO GASCA, and MARIA GASCA,<br><br>Defendants. | DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS |

Defendants Arturo Gasca ("Mr. Gasca") and Maria Gasca ("Ms. Gasca") own and operate Defendant Lalaja, Inc., which does business as El Cerro Grande Mexican Restaurant ("Cerro Grande") in New Bern, North Carolina. Plaintiff Al Stewart, the Acting Secretary of Labor, filed this lawsuit alleging that the Defendants failed to pay Cerro Grande's employees in accordance with the minimum and overtime wage requirements of the Fair Labor Standards Act ("FLSA"), failed to comply with the FLSA's recordkeeping provisions, and retaliated against Cerro Grande's employees in violation of the FLSA. The allegations in Plaintiff's complaint, however, lack critical detail and are entirely conclusory. Plaintiff provides no factual detail whatsoever in support of his minimum wage, overtime wage, and recordkeeping claims. Similarly, Plaintiff provides only insubstantial, conclusory allegations of the alleged adverse employment actions Defendants supposedly took against Cerro Grande's employees to support his retaliation claim. In sum, all four of Plaintiff's claims fail to meet the pleading standard set forth in *Iqbal* and *Twombly*. Defendants therefore request that the Court grant Defendants' motion for judgment on the pleadings and dismiss Plaintiff's complaint in its entirety.

1

## PLAINTIFF'S FACTUAL ALLEGATIONS

The Gascas own and operate Cerro Grande, a Mexican restaurant in New Bern, North Carolina. (*See* Compl., at II.A-C (Doc. 1).) The Department of Labor ("DOL") conducted an audit of Cerro Grande and determined that the restaurant had not paid several of its employees in accordance with the minimum and overtime wage requirements of the FLSA. (*Id*. at VII.) Mr. Gasca and Cerro Grande consented to the findings of the audit and agreed to pay approximately $155,000 in back wages to eleven of Cerro Grande's employees. (*Id*.)

Plaintiff alleges that Mr. Gasca made the payments to Cerro Grande's employees, but then somehow "intimidated, harassed, and threatened" those employees and "coerce[d]" several of them to return the money to him. (*Id*.) Plaintiff alleges that Mr. Gasca reduced the work hours of employees who refused to return the money. (*Id*.) Plaintiff provides no further factual detail to support these bold, conclusory assertions. Indeed, Plaintiff attaches as Appendix A to the complaint a list of ten individuals on whose behalf Plaintiff sues, but does not mention a single one by name in the complaint or explain how any of them are connected to the lawsuit. Plaintiff does not state which employees Mr. Gasca allegedly threatened, harassed, or intimidated or which employees' hours supposedly were reduced. Plaintiff provides not one specific example of any allegedly retaliatory action.

Plaintiff also alleges—without any supporting detail—that Cerro Grande failed to comply with the minimum wage, (*id*. at IV), overtime wage, (*id*. at V), and recordkeeping requirements, (*id*. at VI), of the FLSA.

From these insubstantial facts and conclusory allegations, Plaintiff attempts to assert four causes of action under the FLSA: retaliation, minimum wage violations, overtime wage violations, and violations of the FLSA's recordkeeping requirements. (*Id*. at IV-VI, VII, X.)

Throughout the complaint, Plaintiff fails to include the necessary factual support to elevate these claims to plausible causes of action.

## STANDARD OF REVIEW

"The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6)." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). Thus, to survive a Rule 12(c) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, Plaintiff's factual allegations must raise his right to relief above the level of speculation. *See Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff's complaint falls short of this standard.

## ARGUMENT

**A. Plaintiff's retaliation claim should be dismissed because he fails to allege facts sufficient to plausibly show that any Cerro Grande employee suffered an adverse employment action.**

To state a claim for retaliation under the FLSA, Plaintiff must allege facts that plausibly show: (1) Cerro Grande's employees engaged in activity protected by the FLSA; (2) those employees subsequently suffered an adverse employment action; and (3) a causal connection exists between those employees' protected activity and the Defendants' adverse action. *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008). Plaintiff's factual allegations fail to

3

plausibly establish the second element of his claim—that any of Cerro Grande's employees suffered an adverse employment action.

An employee suffers an adverse employment action for purposes of a retaliation claim when the employer's action "well might have dissuaded a reasonable worker" from undertaking protected activity. *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). "[P]etty slights, minor annoyances, and simple lack of good manners," however, are not sufficient to constitute an adverse employment action. *Id.*

Here, Plaintiff alleges that Mr. Gasca "threatened" and "harassed" Cerro Grande employees who received money as part of the DOL's audit and reduced the hours of those who did not return the money to him. (Compl. at VII.) Plaintiff does not, however, provide any specific examples of threatening or harassing behavior or specific instances in which employees' hours were reduced. Similarly, Plaintiff does not identify any specific employee who was subjected to threatening, harassing, or intimidating behavior, or whose hours were reduced. Plaintiff's bare assertions, without more, do not provide sufficient factual detail to plausibly show that Mr. Gasca's actions would have dissuaded a reasonable employee from undertaking protected activity. *See also MacAlister v. Millenium Hotels & Resorts*, No. CIV-17-6189 (ER), 2018 WL 5886440, at *7 (S.D.N.Y. Nov. 8, 2018) ("[U]sing the words 'repeatedly,' 'hostile,' and 'threatening' does not make the allegation any less conclusory."). Indeed, courts routinely dismiss complaints premised on conclusory allegations like Plaintiff's here. *See Payne v. Brennan*, No. CV PX 16-1095, 2018 WL 902162, at *6 (D. Md. Feb. 15, 2018) ("[Plaintiff's] characterization of an act as 'retaliation' is a conclusory allegation that the Court cannot credit; [Plaintiff] has not pleaded sufficient facts to support that 'subtle comments' or 'covert retaliation' constituted a materially adverse action."); *Showell v. Bd. of Educ. of Wicomico Cty.*,

No. CIV.A. RDB-10-03477, 2011 WL 5877220, at *12 (D. Md. Nov. 22, 2011) (dismissing a plaintiff's claims that he was "subject to 'intimidation' and 'threats'" and "was harassed on multiple teaching assignments" when he failed to "provide concrete examples of the intimidation practices he suffered and only ma[de] conclusory statements as to the hostile and abusive conduct").

In short, the complaint's conclusory allegations show a ***possibility*** that a Cerro Grande employee suffered a retaliatory adverse employment action, but that mere possibility falls short of the ***plausibility*** required to state a cause of action. *Iqbal*, 556 U.S. at 678; *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (stating that a complaint that lacks the factual content necessary to "permit the court to infer more than the mere possibility" of misconduct must be dismissed). Plaintiff's retaliation claim should be dismissed.

**B. Plaintiff's conclusory legal assertions cannot support claims for violations of the minimum or overtime wage provisions of the FLSA.**

Plaintiff's allegations are insufficient to state a plausible cause of action for violations of the FLSA's minimum or overtime wage provisions. With respect to a claim for unpaid minimum wages, "there is no statutory violation 'so long as each employee received during each week compensation equal to or exceeding the product of the total number of hours worked and the statutory minimum hourly rate.'" *Hagee v. Capital Tacos, Inc.*, No. 3:17-CV-00076, 2018 WL 2248607, at *4 (W.D. Va. May 16, 2018) (quoting *Blankenship v. Thurston Motor Lines*, 415 F. 2d 1193, 1198 (4th Cir. 1969)). To support an FLSA minimum wage claim, then, Plaintiff must provide the approximate wages that specific Cerro Grande employees earned over certain workweeks; the approximate wages those specific employees were entitled to over those workweeks; the approximate hours they worked in those workweeks; or other specific facts to support a minimum wage claim. *E.g.*, *Spencer v. Macado's, Inc.*, No. 6:18-CV-00005, 2018 WL

5

3676990, at *4 (W.D. Va. Aug. 1, 2018); *Seagram v. David's Towing & Recovery, Inc.*, 62 F. Supp. 3d 467, 473 (E.D. Va. 2014).

Here, Plaintiff does not allege *any* facts to support that Defendants failed to pay Cerro Grande's employees at the applicable minimum wage rate. Plaintiff does not allege any employee's weekly hours or weekly compensation, does not allege the approximate hours any employee worked in any specific week, and provides no other facts from which the Court could plausibly conclude that Defendants violated the FLSA's minimum wage provision. Indeed, Plaintiff's sole minimum wage allegation appears in section IV of the complaint, where he states that Defendants failed to "pay employees, including servers, cooks, and other staff . . . the applicable minimum hourly rate." This single unsupported legal conclusion is insufficient to plausibly support a cause of action for unpaid minimum wages. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

With respect to a claim for unpaid overtime compensation, the Fourth Circuit has clearly delineated a standard that Plaintiff's complaint fails to meet:

> [T]o make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours. Under this standard, plaintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay. . . . A plaintiff may meet this initial standard by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility.

*Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017) (internal quotation marks omitted).

Like his minimum wage claim, Plaintiff's sole overtime wage allegation appears in section V of the complaint, where he states that Defendants employed "employees . . . for work

weeks longer than 40 hours without compensating such employees . . . for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed." Plaintiff's complaint does not estimate the length of any Cerro Grande employee's average workweek, the average rate at which any employee was paid, the amount of overtime wages that Plaintiff estimates any employee is owed, or any other facts showing that any specific Cerro Grande employee worked more than forty hours in any given week without being compensated for those hours. Thus, Plaintiff's complaint falls far short of the Fourth Circuit's pleading standard set forth in *Hall* and his overtime claim must be dismissed. *See Acosta v. Ararat Imp. & Exp. Co., LLC*, 378 F. Supp. 3d 443, 447 (E.D.N.C. 2019) (dismissing a complaint brought by the Secretary of Labor that contained minimum and overtime wage allegations nearly identical to those alleged by Plaintiff here).

Plaintiff provides no facts to support a reasonable inference that in any workweek Defendants failed to pay any of Cerro Grande's employees the full minimum or overtime wages to which they were entitled. Plaintiff's FLSA minimum and overtime wage claims must be dismissed.

> **C. Plaintiff's failure to identify a single way in which Defendants failed to keep and preserve adequate and accurate employment records dooms his claim for violation of the FLSA's recordkeeping provisions.**

The FLSA requires an employer to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him" and to "preserve [those] records for such periods of time . . . as necessary or appropriate for the enforcement of the provisions" of the FLSA. 29 U.S.C. § 211(c). Plaintiff alleges that Defendants violated this provision, but provides no factual support to allow for a reasonable inference that Defendants did so. In fact, Plaintiff does not identify a single specific

way in which Defendants failed to comply with the FLSA's recordkeeping requirements. Instead, Plaintiff relies entirely on a single conclusory allegation that Defendants "fail[ed] to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them." (Compl., at VI.) This "[t]hreadbare recital[] of the elements of a cause of action" does not suffice to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Plaintiff's claim for violation of the FLSA's recordkeeping requirements must be dismissed.

## CONCLUSION

Plaintiff's complaint fails to include sufficient factual matter to state a plausible claim to relief based on the FLSA's retaliation, minimum wage, overtime wage, or recordkeeping provisions. As such, the Court should grant Defendants' motion for judgment on the pleadings and dismiss each of Plaintiff's four claims with prejudice.

Dated: February 12, 2021

Respectfully submitted,

*/s/ Julian H. Wright, Jr.*
Julian H. Wright, Jr.
N.C. State Bar No. 19345
jwright@robinsonbradshaw.com

Brendan P. Biffany
N.C. State Bar No. 54761
bbiffany@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-8352
Facsimile: (704) 373-3952

*Attorneys for Defendants Lalaja, Inc., d/b/a Cerro Grande Mexican Restaurant, Jose Arturo Gasca, and Maria Gasca*

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing using the Court's CM/ECF system which will automatically and electronically notify the following counsel of record:

>Jana J. Edmondson-Cooper
>Office of the Solicitor
>U.S. Department of Labor
>61 Forsyth Street, S.W.
>Room 7T10
>Atlanta, GA 30303
>EdmondsonCooper.Jana@dol.gov
>ATL.fedcourt@dol.gov

This 12th day of February, 2021.

>*Julian H. Wright, Jr.*
>Julian H. Wright, Jr.