IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:20-CV-189-FL

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,[1] <br><br> Plaintiff, <br><br> v. <br><br> LALAJA, INC. d/b/a Cerro Grande Mexican Restaurant; JOSE ARTURO GASCA; and MARIA GASCA, <br><br> Defendants. | ORDER |

This matter is before the court on defendants' motion for judgment on the pleadings (DE 24), and plaintiff's motion for leave to file surreply (DE 32). The motions have been briefed fully, and the issues raised are ripe for ruling. For the following reason, defendants' motion is granted in part and denied in part, and plaintiff's motion is denied.

## STATEMENT OF THE CASE

Plaintiff commenced this action on October 7, 2020, asserting claims under the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, 211, 215-217, for retaliation, failure to pay minimum wage and overtime, and failure to keep accurate records, for at least ten employees in the course of defendants' operation of a restaurant in New Bern, North Carolina (the "restaurant"). Plaintiff seeks back wages; liquidated, compensatory, and punitive damages; and an injunction against future violations.

---

[1] The clerk is DIRECTED to update the docket to reflect change in designation of plaintiff consistent with the caption of this order.

Defendants filed an answer on December 14, 2020, and they filed the instant motion for judgment on the pleadings on February 12, 2021.[2] Plaintiff responded in opposition on March 5, 2021, and defendants replied on March 19, 2021.

Plaintiff filed the instant motion for leave to file a surreply on March 31, 2021, relying upon a proposed surreply and a memorandum in support. Defendants responded in opposition to the instant motion for leave on April 1, 2021.

## STATEMENT OF THE FACTS

The facts alleged in the pleadings, construed in the light most favorable to plaintiff, may be summarized as follows.

Plaintiff alleges that defendants, since at least March 21, 2017, "fail[ed] to pay their employees, including servers, cooks, and other staff, employed in [the restaurant] the applicable minimum hourly rate." (Compl. ¶ IV). Plaintiff further alleges that defendants in that time "employed [their] employees . . . for work weeks longer than 40 hours without compensating such employees . . . for their employment in excess of such hours" at the overtime rate. (Id. ¶ V). Plaintiff further alleges that defendants in that time "fail[ed] to make, keep and preserve adequate and accurate records" of employment. (Id. ¶ VI).

In addition, plaintiff identifies by name the following ten employees to whom back wages allegedly are owed:

    Alvarado Romero, Jose Angel
    Espinosa, Alexander
    Games Alvarado, Bianca
    Hernandez Rojo, Justa
    Martinez Reyes, Eliana Daniela

---

[2] Prior to filing an answer, defendants filed a motion to dismiss for insufficient process and service of process. Where plaintiff subsequently filed proof of service, the court terminated the motion to dismiss as moot, on November 30, 2020. The court entered a case management order on January 21, 2021; however, following briefing on the instant motions, the court stayed all case activities pending ruling on the motion for judgment on the pleadings on April 7, 2021.

>     Morales, Juan Carlos
>     Quezada Mendoza, Gerardo
>     Ruiz Macias, Eduard
>     Torres Cores, Sandra
>     Vasquez Aguilar, Jose

(Compl. Ex. A).[3]

Further, plaintiff alleges that the United States Department of Labor investigated the restaurant, and it determined that it failed to pay several employees correctly. Defendant Jose Arturo Gasca ("Gasca"), on behalf of the restaurant, "consented to the Secretary's findings and entered into a written agreement with [the United States Department of Labor] in October 2019 to pay $155,491.29 in back wages owed to [] eleven [] identified employees." (Id. ¶ VII). Defendant Gasca "had until November 4, 2019, to pay the employees with preliminary proof of payment due to [the United States Department of Labor] on November 11, 2019, and final proof of payment due on December 19, 2019." (Id.). According to the complaint,

> Rather than fulfill his legal obligation, Mr. Gasca instead intimidated, harassed, and threatened employees whom [the United States Department of Labor] determined were owed back wages. In the course of this egregious conduct, Mr. Gasca committed several acts of retaliation between at least November 7, 2019, and November 25, 2019, by coercing several affected employees to either turn their back wage check over to him or to cash the check and return the cash to him. When employees accepted back wage checks and refused to turn the money over to Defendants, Defendants reduced their work hours. Further, Mr. Gasca intimidated employees to give false statements of their hours and rates of pay to [the United States Department of Labor]. Upon the Secretary's information and belief, Mr. Gasca continues to engage in retaliatory behavior in violation of the Act and continues to attempt to evade his financial responsibility to the affected workers.

---

[3] The court quotes plaintiff's listing of employees without alteration, including punctuation, suggesting that their last name(s) are listed first followed by first names. The court also notes that several of the individuals listed, including Jose Vasquez Aguilar, Sandra Torres Cores, and Justa Hernandez Rojo, appear to be named plaintiffs in a related civil case captioned Vazquez-Aguilar [sic] v. Gasca, No. 4:19-CV-171-FL (E.D.N.C.), which is a private action also asserting FLSA claims against defendants for failure to pay minimum wage and overtime. A pending motion in that case for extension of time to find legal representation will be addressed by separate order.

(Id.). Plaintiff alleges that "[a]s a result of Defendants' . . . conduct of threats and intimidation, the affected employees have suffered multiple losses including lost wages, emotional distress, and other financial losses." (Id. ¶ IX).

**COURT'S DISCUSSION**

A.  Standard of Review

"A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014). The court applies "the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." Burbach Broad. Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Thus, the court must "assume the facts alleged in the complaint are true and draw all reasonable factual inferences in [the plaintiff's] favor." Id.

To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, the court does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (quotations omitted).

B.  Analysis

1.  Retaliation

Defendant argues that plaintiff fails to state a claim for retaliation. The FLSA makes it unlawful for an employer –

4

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding.

29 U.S.C. § 215(a)(3). "The anti-retaliation provision facilitates the enforcement of the FLSA's standards by fostering an environment in which employees' fear of economic retaliation will not cause them quietly to accept substandard conditions." Ball v. Memphis Bar-B-Q Co., 228 F.3d 360, 364 (4th Cir. 2000) (quotations omitted). The court must "interpret the provisions of the FLSA bearing in mind the Supreme Court's admonition that the FLSA must not be interpreted or applied in a narrow, grudging manner." Id. (quoting Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 597 (1944)).

"A plaintiff asserting a prima facie claim of retaliation under the FLSA must show that (1) he engaged in an activity protected by the FLSA; (2) he suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action." Darveau v. Detecon, Inc., 515 F.3d 334, 340 (4th Cir. 2008). An adverse action is one that could well dissuade a reasonable worker from making or supporting a charge of discrimination." Id. at 343. It does not include "petty slights or minor annoyances that often take place at work and that all employees experience." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

Here, plaintiff has pleaded sufficient facts to state a claim for retaliation. First, plaintiff alleges that "eleven [] identified employees," were subject of the consent agreement between plaintiff and defendant Gasca, constituting protected activity under the FLSA. (Compl. ¶ VII). Second, plaintiff alleges that, after that protected activity took place, defendant Gasca "intimidated, harassed, and threatened" those identified employees, including "by coercing several affected employees to either turn their back wage check over to him or to cash the check and return

the cash to him." Id.  According to the complaint, "[w]hen employees accepted back wage checks and refused to turn the money over to Defendants, Defendants reduced their work hours."  (Id.). These allegations permit an inference of adverse action, in the form of reduced pay and hours, and a causal connection between the protected activity and such action.   Thus, plaintiff alleges facts supporting each element of the retaliation claim.

Defendants argue that plaintiff's retaliation claim must be dismissed because plaintiff does not "provide any specific examples of threatening or harassing behavior or specific instances in which employees' hours were reduced," or "identify any specific employee who was subjected to threatening, harassing, or intimidating behavior."  (Defs' Mem. (DE 25) at 4; Reply (DE 29) at 8). The law, however, does not require "specific examples" or identification of "specific employees." (Id.).  Rather, it requires only "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Iqbal, 556 U.S. at 678, without  crediting "legal conclusions, elements of a cause of action, [and] bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd., 591 F.3d at 255.  Here, plaintiff has alleged sufficient factual matter, in the form of alleged conduct by defendants in demanding return of back wage checks under threat of reduced pay and hours, to state a claim for retaliation.  More specific examples or specific identification of employees are not required at this stage of the case.

Therefore, defendants' motion for judgment on the pleadings is denied in that part seeking dismissal of plaintiff's retaliation claim.

2. Alleged Minimum Wage, Overtime, and Recordkeeping Violations

By contrast, plaintiff has not pleaded sufficient facts to state a claim for minimum wage, overtime, and recordkeeping violations.

The FLSA requires employers to pay the minimum hourly wage to qualified employees in "any workweek," 29 U.S.C. § 206(a), and the overtime wage for hours in "a workweek longer than forty hours." Id. § 207(a)(2). It also requires "[e]very employer . . . [to] make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him," as required by the FLSA and administrative regulations. Id. § 211. Failure so to do is unlawful under the FLSA. Id. § 215(a)(2), (5).

"[T]o state a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." Hall v. DIRECTV, LLC, 846 F.3d 757, 777 (4th Cir. 2017). "A plaintiff may meet this initial standard by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." Id. It is not necessary to provide a "detailed accounting of the number of uncompensated hours they worked during their respective periods of employment to state a claim," or to identify "a particular week in which they worked uncompensated" hours. Id. at 776-777. However, plaintiffs "must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay." Id. at 777.

With respect to wage and recordkeeping violations, plaintiff has alleged no more than the elements of the asserted violations in conclusory manner. For the minimum wage claim, for example, plaintiff alleges that defendant failed "to pay employees, including servers, cooks, and other staff . . . the applicable minimum hourly rate." (Compl. ¶ IV). For the overtime claim, plaintiff alleges defendant failed to pay the same employees at the applicable overtime rate. (Id.

7

at V). For the recordkeeping claim, plaintiff alleges a failure to "keep and preserve adequate and accurate records." (Id. at VI). For the wage claims, there is an absence of any estimate of "the length of [employees'] average workweek during the applicable period and the average rate at which [they were] paid, the amount of overtime wages [they] believe[] [they are] owed, or any other facts that will permit the court to find plausibility." DIRECTV 846 F.3d at 777. There are likewise no facts alleged with respect to recordkeeping. More factual allegations are needed to state a plausible claim for such violations.

Plaintiff argues that Chao v. Rivendell Woods, Inc., 415 F.3d 342 (4th Cir. 2005), and Hodgson v. Virginia Baptist Hospital, Inc., 482 F.2d 821 (4th Cir. 1973), allow for a reduced pleading standard in recognition of plaintiff's need "to employ similarly-worded complaints throughout the country for consistency." (Pl's Mem. (DE 26-1) at 6). Chao and Hodgson, however, predate Iqbal/Twombly, and DIRECTV. The court adheres to its prior decisions determining that the latter cases are controlling over the former. See, e.g., Acosta v. Ararat Imp. & Exp. Co., LLC, 378 F. Supp. 3d 443, 449 (E.D.N.C. 2019).[4]

Plaintiff also suggests the complaint alleges sufficient facts to support the wage and recordkeeping claims because the complaint references defendant Gasca's agreement in 2019 with the United States Department of Labor to pay back wages to several employees. (Pl's Mem. (DE 26-1) at 12; Compl. ¶ VII). It is not clear from either plaintiff's argument or the complaint, however, whether plaintiff is basing wage and recordkeeping claims on violations identified in that

---

[4] Plaintiff seeks to discuss Ararat in more detail in its proposed surreply. (See DE 33 at 1-5). Ararat was cited in defendants' opening brief. Thus, a surreply is no justified for purposes of further discussion of Ararat. Plaintiff also proposes to address a footnote in defendants' reply brief that addresses discussion of settlement discussions between the parties. A surreply is unnecessary on this issue that is not determinative of the instant motion to dismiss. Therefore, the court in its discretion denies plaintiff's motion for leave to file a surreply.

8

Case 4:20-cv-00189-FL   Document 36   Filed 08/05/21   Page 8 of 9

agreement, the breach of that agreement, or similar wage and recordkeeping violations taking place around the time the agreement was reached.

Rather than speculate as to the factual basis for plaintiff's wage and recordkeeping claims, the court will provide plaintiff an opportunity to file an amended complaint that sets forth facts of wage and recordkeeping violations in a manner that meets the Iqbal/Twombly, and DIRECTV, standards of pleading.

In sum, defendants' motion for judgment on the pleadings is granted without prejudice in that part pertaining to plaintiff's claims based upon alleged minimum wage, overtime, and recordkeeping violations.

## CONCLUSION

Based on the foregoing, defendants' defendants' motion for judgment on the pleadings (DE 24) is GRANTED IN PART and DENIED IN PART. Plaintiff's retaliation claim is allowed to proceed. Plaintiff's claims based upon alleged minimum wage, overtime, and recordkeeping violations, are DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint within 21 days of the date of this order. Plaintiff's motion for leave to file surreply (DE 32) is DENIED. Stay of case activities entered April 7, 2021, shall remain in place until the time period for filing amended complaint, and any responsive pleading, has passed.

SO ORDERED, this the 5th day of August, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge