IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:20-CV-189-FL

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, ) <br> United States Department of Labor, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LALAJA, INC. d/b/a Cerro Grande ) <br> Mexican Restaurant; JOSE ARTURO ) <br> GASCA; and MARIA GASCA, ) <br> ) <br> Defendants. ) | ORDER |

This matter is before the court on defendants' partial motion to dismiss (DE 39). The motion has been briefed fully, and the issues raised are ripe for ruling. For the following reasons, defendants' motion is denied.

## STATEMENT OF THE CASE

Plaintiff commenced this action on October 7, 2020, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 211, and 215-217, for retaliation, failure to pay minimum wage and overtime, and failure to keep accurate records, for at least ten employees in the course of defendants' operation of a restaurant in New Bern, North Carolina (the "restaurant"). Plaintiff seeks back wages; liquidated, compensatory, and punitive damages; and an injunction against future violations.

The court previously dismissed all claims except for plaintiff's retaliation claims, for failure to state a claim upon which relief can be granted. (See Aug. 5, 2021, Order (DE 36)). The

court allowed plaintiff leave to file an amended complaint, and plaintiff did so on August 25, 2021. The court also allowed discovery to proceed on plaintiff's retaliation claim.[1] In plaintiff's operative amended complaint, plaintiff asserts the same claims asserted in original complaint, with the addition of factual allegations.

Defendants filed the instant motion to dismiss all claims except for plaintiff's retaliation claim, for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded in opposition and defendants replied.

## STATEMENT OF THE FACTS

The facts alleged in the operative amended complaint may be summarized as follows.

"The Wage and Hour Division (WHD) of the U.S. Department of Labor, through its investigatory authority, conducted an investigation covering violations which initially occurred February 2017 through March 2019 and determined that [d]efendants failed to pay several employees correctly" in violation of the minimum wage, overtime, and recordkeeping provisions of the FLSA. (Am. Compl. (DE 37) ¶ IV). According to the amended complaint, "[d]efendants signed a Summary of Unpaid Wages form (WH56) [hereinafter the "WH56 form"] in October 2019, agreeing to pay the minimum wage and overtime wages WHD determined were owed to several of [d]efendants' employees." (Id.). A copy of the WH56 form is attached to the amended complaint. (See id. ¶ VIII; id., Ex. B). It lists back wages due for eleven identified employees for covered periods by work weeks ending between February 2017, through March 2019. (Id.).

---

[1] Case management order entered January 21, 2021, provided a deadline for completion of discovery of September 1, 2021. In the court's order entered October 12, 2021, the court imposed a partial stay on discovery related to all claims except for plaintiff's retaliation claim. A related FLSA case brought by individual employees of defendants, Vazquez-Aguilar v. Gasca, No. 4:19-CV-171-FL (E.D.N.C.), was dismissed on April 28, 2021, for failure to prosecute.

According to the amended complaint, "[d]efendants did not pay the monies owed as agreed, and [d]efendants continued to violate the [FLSA] after October 2019." (Am. Compl. ¶ IV). Plaintiff alleges that defendants, since at least March 21, 2017, "fail[ed] to pay employees, including servers, cooks, and other staff, employed in [the restaurant] the applicable minimum hourly rate." (Id. ¶ V). Specifically, plaintiff alleges, "[d]efendants committed minimum wage violations when it failed to pay employees for all hours worked, which dropped the hourly rate below the $7.25 minimum level." (Id.). "Additionally, [d]efendants did not pay tipped employees the required cash wage (CW) ($2.13/hour) for all hours worked - or no CW at all, which resulted in loss of the tip credit provisions of the Act, and minimum wage violations as to tipped employees." (Id.). "Further, after the execution of the WH56 with the Department in October 2019, [d]efendants [allegedly] continued to fail to pay employees the applicable minimum hourly rate when [d]efendants failed to pay employees for all hours worked." (Id.).

With respect to overtime compensation, plaintiff alleges that defendants in that time "employed [their] employees . . . for work weeks longer than 40 hours without compensating such employees . . . for their employment in excess of such hours" at the overtime rate. (Id. ¶ VI). "For example, some servers were paid for 80 hours in a bi-weekly pay period, every pay period, even in workweeks when the employees worked over 40 hours." (Id.). For the period covering February 2017 to March 2019, Defendants agreed to pay the overtime back wages owed by signing [the] WH56 form dated October 24, 2019." (Id.). However, according to the amended complaint, defendants "did not pay the back wages as required by the WH56" form. (Id.). Further, defendants allegedly "failed to come into compliance with the Act and continued to violate the overtime provisions of the Act after signing the WH56 [form] in October 2019 by failing to pay employees for all hours worked and time and a half for hours worked beyond 40 hours in a work week." (Id.).

3

Plaintiff alleges that defendants "violated the record-keeping provisions of the Act both before and after the signing of the WH56 [form] in October 2019 by manipulating time records." (Id. ¶ VII).

The amended complaint reiterates substantially the same allegations of the original complaint regarding retaliation, as follows:

> WHD, through its investigatory authority, determined that [the restaurant] failed to pay several employees correctly in violation of the Sections 206 and 207 of the Act as described above [in the amended complaint]. [Defendant Jose Arturo Gasca ("Gasca")], on behalf of [the restaurant], consented to the Secretary's findings and entered into a written agreement with WHD on October 24, 2019 to pay $155,491.29 in back wages owed to the eleven (11) identified employees by signing [the] WH56 [form]. Per the WH56 [form], [Gasca] had until November 4, 2019, to pay the employees with preliminary proof of payment due to WHD on November 11, 2019, and final proof of payment due on December 19, 2019. Rather than fulfill his legal obligation, [Gasca] instead intimidated, harassed, and threatened employees whom WHD determined were owed back wages. In the course of this egregious conduct, [Gasca] committed several acts of retaliation between at least November 7, 2019, and November 25, 2019, by coercing several affected employees to either turn their back wage check over to him or to cash the check and return the cash to him. When employees accepted back wage checks and refused to turn the money over to [d]efendants, [d]efendants reduced their work hours. Further, [Gasca] intimidated employees to give false statements of their hours and rates of pay to WHD. Upon the Secretary's information and belief, [Gasca] continues to engage in retaliatory behavior in violation of the Act and continues to attempt to evade his financial responsibility to the affected workers.

(Id. ¶ VIII). Plaintiff alleges that "[a]s a result of Defendants' . . . conduct of threats and intimidation, the affected employees have suffered multiple losses including lost wages, emotional distress, and other financial losses." (Id. ¶ X).

### COURT'S DISCUSSION

A.  Standard of Review

To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In

evaluating whether a claim is stated, the court does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (quotations omitted). Nevertheless, the court "must . . . draw all reasonable inferences in favor of the plaintiff." Hall v. DIRECTV, LLC, 846 F.3d 757, 765 (4th Cir. 2017).

B.   Analysis

    1.   Minimum Wage and Overtime Claims

The FLSA requires employers to pay the minimum hourly wage to qualified employees in "any workweek," 29 U.S.C. § 206(a), and the overtime wage for hours in "a workweek longer than forty hours." Id. § 207(a)(2). Failure so to do is unlawful under the FLSA. Id. § 215(a)(2).

"[T]o state a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." Hall, 846 F.3d at 777. "A plaintiff may meet this initial standard by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." Id. It is not necessary to provide a "detailed accounting of the number of uncompensated hours they worked during their respective periods of employment to state a claim," or to identify "a particular week in which they worked uncompensated" hours. Id. at 776-777. However, plaintiffs "must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay." Id. at 777. A comparable standard applies to pleading a minimum wage claim under the FLSA. See,

5

e.g., id. (citing Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 645 (9th Cir. 2014) (applying same standard to both minimum wage and overtime claims)).

Here, the amended complaint alleges sufficient facts to state plausible minimum wage and overtime claims. Critically, the amended complaint cites the results of plaintiff's investigation as the basis, in part, of its minimum wage and overtime claims. (Am. Compl. ¶¶ V-VIII & Ex. B). In this manner, plaintiff has met the applicable pleading standard by stating "the amount of . . . wages" it believes individual employees are owed, and "other facts that will permit the court to find plausibility." Hall, 846 F.3d at 777. Indeed, plaintiff provides specific amounts due for eleven individual employees for specific pay periods. (Am. Compl. ¶ VIII & Ex. B). In addition, plaintiff describes the manner in which employees were not paid the minimum wage and overtime wage, including through failure to pay the required cash wage to tipped employees and payment for 80 hours in bi-weekly pay period, even in workweeks when employees worked over 40 hours. (Id. ¶¶ V-VI). Moreover, plaintiff alleges that "after the execution of the [form] WH56 . . . [d]efendants continued to fail to pay employees the applicable minimum hourly rate" and the applicable overtime rate, and engaged in retaliatory acts with respect to payments owned to employees (Id. ¶¶ V-VI, & VIII). In this manner, the allegations in the complaint permit a plausible inference that the alleged minimum wage and overtime violations, documented in Exhibit B to the complaint, continued thereafter.

Defendants' arguments to the contrary are unavailing. For example, defendants contend that "[i]n purported support of its minimum wage claim, [plaintiff] merely states that sometime between March 21, 2017 and the present [d]efendants violated the FLSA by 'failing to pay employees, including cooks, servers, and other staff . . . for all hours worked, which dropped the hourly rate below' the minimum wage." (Reply (DE 53) at 4 (quoting Am. Compl. ¶ V)). In so

6

arguing, however, defendants quote only the allegations that were present in the original complaint, and none of the new allegations present in the amended complaint, such as the cash wage allegations and the links to the form WH56. (See Am. Compl. ¶¶ V-VIII & Ex. B).

Defendants also argue that the references to the form WH56 are insufficient to state a claim because that form "states that its figures relate only to the period covering March 25, 2017 to March 29, 2019," which is less than half of the total period for which plaintiff seeks damages. (Reply at 6). Defendants do not take into account the reasonable inferences that may be drawn from the combination of the information in the form WH56 and plaintiff's allegation in the amended complaint that "[d]efendants continued to fail to pay employees the applicable" minimum hourly rate and overtime rates after the form was executed. (See Am. Compl. ¶¶ V-VI). The plausibility of that inference is further supported by the retaliation allegations in the amended complaint, which the court already has found sufficient to support a retaliation claim under the FLSA. (See id. ¶ VIII).

Defendants also argue that a portion of the time period encompassed by the form WH56 is irrelevant to this case because it is facially non-compliant with the statute of limitations. "[A] motion to dismiss . . . generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). "[H]owever, if all facts necessary to the affirmative defense clearly appear on the face of the complaint," then the court may reach the merits of an affirmative defense. Id. Here, contrary to defendants' argument, statute of limitations issues cannot be resolved on the basis of the allegations in the amended complaint. Defendants assert plaintiff's claims are limited by a two-year statute of limitations, where there are no "allegations of willful conduct." (Reply at 7). However, allegations of repeated wage and hour violations, followed by alleged retaliatory

7

Case 4:20-cv-00189-FL   Document 57   Filed 04/18/22   Page 7 of 9

conduct, are sufficient to overcome the high standard of a limitations defense "clearly appear[ing] on the face of the complaint." Goodman, 494 F.3d at 464. Therefore, statute of limitations issues do not provide a basis here for dismissal under the 12(b)(6) standard.

Defendants also cite two district court cases, Pizzella v. Peters, 410 F. Supp. 3d 756 (D. Md. 2019), and Acosta v. Ararat Imp. & Exp. Co., LLC, No. 5:18-CV-444-FL, 2019 WL 6337423, (E.D.N.C. Nov. 26, 2019), arguing that allegations here are insufficient in comparison to those cases. In neither case, however, did the plaintiff Secretary of Labor rely upon specific determinations of the quantity of past-due wages due for identified employees, arising out of a prior investigation, nor allegations of retaliation following those investigative determinations, as here. See, e.g., Peters, 410 F.Supp.3d at 764; Ararat, 2019 WL 6337423 at * 1-2. Accordingly, Peters and Ararat are not helpful comparisons.

In sum, plaintiff sufficiently has alleged facts stating FLSA minimum wage and overtime claims. Therefore, defendants' motion must be denied in this part.

2. Recordkeeping Claim

The FLSA requires "[e]very employer . . . [to] make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him," as required by the FLSA and administrative regulations. Id. § 211. Here, plaintiff sufficiently alleges facts supporting a recordkeeping claim. In particular, plaintiff alleges that "[d]efendants violated the record-keeping provisions of the Act both before and after the signing of the WH56 in October 2019 by manipulating time records." (Am. Compl. ¶ VII). Plaintiff also alleges that defendants signed the form WH56, but then "coerced several affected employees to either turn their back wage check over to [Gasca] or to cash the check and return the cash to [Gasca]," and "intimidated employees to give false statements of their hours and

8

rates of pay to WHD." (Am. Compl. ¶ VIII). These allegations, coupled with plaintiff's allegations regarding the nature of the minimum wage and overtime violations, are sufficient to give rise to a plausible inference that defendants did not maintain properly wage and hour records in the manner required by the FLSA regulations.

Defendants suggest that plaintiff's allegations regarding "manipulating time records" are insufficient because they are made upon "information and belief." (Defs' Br. (DE 40) at 7). However, while allegations made upon information and belief may not be sufficient in themselves to support a claim, they give rise to a plausible inference of manipulation when considered here in combination with other factual allegations in the complaint.

Accordingly, plaintiff has alleged facts properly stating a recordkeeping claim. Therefore, defendants' motion must be denied in this part.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss (DE 39) is DENIED. On its own initiative, the court STAYS further case scheduling activities until further order of the court, pending determination of defendants' counsel's motion to withdraw (DE 54), filed April 8, 2022, and resolution of the status of defendants' representation.

SO ORDERED, this the 18th day of April, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

9

Case 4:20-cv-00189-FL   Document 57   Filed 04/18/22   Page 9 of 9