UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| JULIE A. SU, ) | |
| Acting Secretary of Labor, ) | FILE NO. |
| United States Department of Labor, ) | |
| ) | 4:20-cv-00189-FL |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LALAJA, INC. dba CERRO GRANDE ) | |
| MEXICAN RESTAURANT, ) | |
| JOSE ARTURO GASCA, and ) | |
| MARIA GASCA ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS

Plaintiff Acting Secretary of Labor, United States Department of Labor (the "Secretary") respectfully requests that this Court enter default judgment against Defendants La Laja Inc dba Cerro Grande Mexican Restaurant, Jose Arturo Gasca, and Maria Gasca (collectively "the Defendants") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. On October 7, 2020, the Secretary filed a Complaint in this case, alleging that Defendants failed to pay their employees required minimum wage and overtime compensation, failed to keep required records, and that Defendants retaliated against

certain of those employees all in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA" or "Act"). [ECF No. 1]. The Acting Secretary filed an amended complaint on August 25, 2021. [ECF No. 37].

Defendants have failed to plead or otherwise defend following the Court's Order granting Defendants' prior counsels' Motion to Withdraw as attorney on September 5, 2023. [ECF No. 80]. On September 5, 2023, the Court advised that parties were to comply the with the court's directives within 21 days, by September 26, 2023, and that "[a] party that fails to file a notice of self-representation or cause new counsel to file a notice of appearance may be subject to sanctions, including but not limited to dismissal or default judgment." [Id.] On October 3, 2023, the Court directed the clerk to enter default against the Defendants pursuant to FRCP 55(a). [ECF No. 81]. The Court further directed the Acting Secretary to file a motion, within 21 days of the date of the order, by October 24, 2023, to reduce this matter to default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2). [ECF No. 81]. On October 3, 2023, the Clerk entered an Entry of Default against Jose Arturo Gasca, Maria Gasca, and La Laja Inc dba Cerro Grande Mexican Restaurant. [ECF No. 82]. On information and belief, Defendants are not minors, incompetent persons, or in the military service on active duty. Decl. of Sandra Rodgers, ¶4 (Ex. A). The Secretary's factual allegations in this case establish that Defendants violated the minimum

wage, overtime and recordkeeping provisions of the FLSA and that Defendants violated Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), which is the Act's antiretaliation provision.

The Acting Secretary respectfully requests that the Court enter default judgment in favor of the Acting Secretary:

A. Enter judgment in favor of the Plaintiff;

B. Order that pursuant to § 16 of the Fair Labor Standards Act, 29 U.S.C. § 216, Defendants Order Defendants to pay the amount of $77,125.50 as back wages, along with an additional amount of liquidated damages in the amount of $77,125.50, to the United States Department of Labor, Wage and Hour Division, within 30 days. The grounds for Plaintiff's determination of back wages are contained within the Declaration of Investigator Sandra Rodgers, attached hereto as Exhibit A. This total payment of $154,251 shall be paid to the U.S. Department of Labor, Wage Hour Division via Wage and Hour's online payment portal found at found at [Pay.gov - WHD Back Wage Payment Form - Southeast Region](Pay.gov - WHD Back Wage Payment Form - Southeast Region)), and the Agency shall distribute the monies owed to the employees listed on the Amended Appendix "A" as attached to the Motion as Ex. B and the amounts owed to each employee is listed on the Form WH-56 and is attached to the Motion as Exhibit C less deductions for

federal income taxes and employee contributions to F.I.C.A., as required by law. Defendants shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder. After three years, any monies which have not been distributed because of inability to locate the proper persons or because of their refusal to accept payment shall be deposited into the Treasury of the United States as miscellaneous receipts.

C. Order that pursuant to § 17 of the Fair Labor Standards Act, 29 U.S.C. § 217, Defendants, their agents, servants, employees and all persons in active concert or participation with them be permanently enjoined and restrained from violating the provisions of §§6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act;

D. Order that pursuant to § 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), Defendants, shall not discharge or in any other manner discriminate against any employee because such employee has filed any complaint with the Department of Labor Wage and Hour Division or has testified or is about to testify in any proceeding under the Act, or has in any way exercised their rights under the Act;

E. Order that pursuant to § 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), Defendant Arturo Gasca and Marica Gasca, in their individual capacities as an employer of employees under the Act—including, but

4

not limited to employees employed by them at Defendant Restaurant—shall not, contrary to § 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate against any employee because such employee has filed any complaint with the Department of Labor Wage and Hour Division or has testified or is about to testify in any proceeding under the Act, or has in any way exercised their rights under the Act;

F. Order that pursuant to § 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), Defendant La Laja Inc dba Cerro Grande Mexican Restaurant and Defendants Arturo Gasca and Maria Gasca, in their individual capacities, are hereby further permanently enjoined and restrained from:

    1. Causing any current or former employee due back wages under the Order to "kick back" or return any such back wages to Defendants. Defendants shall not request, solicit, suggest or coerce, directly or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any money in the form of cash, check or in any other form, for wages previously due or to become due in the future to said employees under

5

the provisions of this Order; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check or any other form for wages heretofore or hereafter paid to said employee under the provisions of this Order; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate against any such employee because such employee has received or retained money due from Defendants under the provisions of this Order;

2. Deducting any back wages due to employees under the Order from those employees' current wages for hours worked; including but not limited to improper tax withholdings from employee paychecks;

3. Instructing, either directly or indirectly, anyone who is an employee of either of them, in any capacity, not to speak to representatives of the Secretary or to provide false information to the Secretary or otherwise coerce employees to make

false statements to any person regarding the terms and conditions of employment; or

4. Terminating or threatening to terminate, threatening or intimidating in any other manner and/or retaliating or discriminating in any way against current and/or former employees of Defendants based on a belief that: an employee spoke with or intends to speak with a Department of Labor Wage and Hour investigator; filed a complaint with the Department of Labor; cooperated or intends to cooperate in any way in Department of Labor investigations; complained to Defendants or any of their representative, agents, or assigns about what the employee believes is a violation of the Act; or otherwise exercised any right under the Act.

Respectfully submitted this 7th day of November, 2023.

SEEMA NANDA
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

MONICA R. MOUKALIF
Counsel

*/s/ Melanie A. Stratton.*
MELANIE A. STRATTON
Trial Attorney
NC State Bar No. 56219

United States Department of Labor
Office of the Solicitor
61 Forsyth Street, SW, Room 7T10
Atlanta, Georgia 30303
T: 404.302.3927
F: 404.302.5438
E-mail: Atl.Fedcourt@dol.gov
Email: Stratton.melanie.a@dol.gov
Attorneys for Plaintiff

SOL Case No. 20-00143

## **CERTIFICATE OF SERVICE**

I certify that on November 7, 2023, the foregoing Plaintiff's Motion for Default Judgement and supporting Memorandum of Law, were served by U.S.P.S to Respondent:

>Lalaja, Inc. d/b/a Cerro Grande Mexican Restaurant, 2503 Dr. Martin Luther King Jr. Boulevard, New Bern, NC 28562
>
>Lalaja, Inc. d/b/a Cerro Grande Mexican Restaurant, 3231 Dr. Martin Luther King Jr. Boulevard, New Bern, NC 28562
>
>Jose Arturo Gasca and Maria D. Gasca
>710 Taberna Circle, New Bern, NC 28562

*/s/ Melanie A. Stratton*
Trial Attorney
Stratton.melanie.a@dol.gov
Atlanta Docket
atl.fedcourt@dol.gov

SOL Case No. 20-00143