JULIE A. SU,                                              )
Acting Secretary of Labor,                               )          FILE NO.
United States Department of Labor,                       )
                                                         )          4:20-cv-00189-FL
                                                         )
                           Plaintiff,                    )
                                                         )
              v.                                         )
                                                         )
LALAJA, INC. dba CERRO GRANDE                            )
MEXICAN RESTAURANT,                                      )
JOSE ARTURO GASCA, and                                   )
MARIA GASCA                                              )
                                                         )
                           Defendants.                   )

## ORDER

This action was brought by Plaintiff, Acting Secretary of Labor, United

States Department of Labor ("the Secretary"), against Defendants pursuant

to § 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201,

et seq., hereinafter the "Act", seeking back wages, liquidated damages, and

injunctive relief against future violations of the Act.  A review of the record

reveals that Defendants La Laja Inc dba Cerro Grande Mexican Restaurant,

Jose Arturo Gasca, and Maria Gasca failed to file a notice of self-

representation or cause new counsel to file a notice of appearance as advised

by the Court's September 5, 2023 order.  The Clerk of Court, pursuant to Fed.

R. Civ. P. 55(a), entered default against the Defendants on October 3, 2023.

[ECF No. 82].  Now before the Court is Plaintiff's Motion for Default

Judgment against Defendants.

WHEREFORE, it is hereby ordered, adjudged, and decreed that,

A. The Secretary's motion for default judgment is **GRANTED**.

B. Pursuant to § 16 of the Fair Labor Standards Act, 29 U.S.C. § 216,

Defendants are **ORDERED** pay the amount of $77,125.50 as back

wages, along with an additional amount of liquidated damages in

the amount of $77,125.50, to the United States Department of

Labor, Wage and Hour Division, within 30 days.  This total payment

of $154,251 shall be paid to the U.S. Department of Labor, Wage

Hour Division via Wage and Hour's online payment portal found at

found at [Pay.gov - WHD Back Wage Payment Form - Southeast](#)

[Region](#)), and the Agency shall distribute the monies owed to the

employees listed on the Amended Appendix "A" less deductions for

federal income taxes and employee contributions to F.I.C.A., as

required by law.  Defendants shall remain responsible for the

employer's share of F.I.C.A. arising from or related to the back

wages paid hereunder.  After three years, any monies which have

not been distributed because of inability to locate the proper persons

2

or because of their refusal to accept payment shall be deposited into the Treasury of the United States as miscellaneous receipts.

C. Pursuant to § 17 of the Fair Labor Standards Act, 29 U.S.C. § 217, Defendants, their agents, servants, employees and all persons in active concert or participation with them are ordered permanently enjoined and restrained from violating the provisions of §§ 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act.

D. Pursuant to § 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), Defendants, shall not discharge or in any other manner discriminate against any employee because such employee has filed any complaint with the Department of Labor Wage and Hour Division or has testified or is about to testify in any proceeding under the Act, or has in any way exercised his/her rights under the Act.

E. Pursuant to § 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), Defendants Arturo Gasca and Marica Gasca, in their individual capacities as an employer of employees under the Act—including, but not limited to employees employed by them at Defendant a Laja Inc dba Cerro Grande Mexican Restaurant—shall not, contrary to § 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate against any employee because such employee has filed any complaint with the Department of Labor Wage and Hour Division

3

or has testified or is about to testify in any proceeding under the Act, or has in any way exercised his/her rights under the Act.

IT IS FURTHER **ORDERED** that Defendant La Laja Inc dba Cerro Grande Mexican Restaurant and Defendants Arturo Gasca and Maria Gasca, in their individual capacities, are hereby further permanently enjoined and restrained from:

1. Causing any current or former employee due back wages under the Order to "kick back" or return any such back wages to Defendants. Defendants shall not request, solicit, suggest or coerce, directly or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any money in the form of cash, check or in any other form, for wages previously due or to become due in the future to said employees under the provisions of this Order; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check or any other form for wages heretofore or hereafter paid to said employee under the provisions of this Order; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate against any such employee because such

4

employee has received or retained money due from Defendants under the provisions of this Order;

2. Deducting any back wages due to employees under the Order from those employees' current wages for hours worked; including but not limited to improper tax withholdings from employee paychecks;

3. Instructing, either directly or indirectly, anyone who is an employee of either of them, in any capacity, not to speak to representatives of the Secretary or to provide false information to the Secretary or otherwise coerce employees to make false statements to any person regarding the terms and conditions of employment; or

4. Terminating or threatening to terminate, threatening or intimidating in any other manner and/or retaliating or discriminating in any way against current and/or former employees of Defendants based on a belief that: an employee spoke with or intends to speak with a Department of Labor Wage and Hour investigator; filed a complaint with the Department of Labor; cooperated or intends to cooperate in any way in Department of Labor investigations; complained to Defendants or any of their representative, agents, or

5

assigns about what the employee believes is a violation of the Act; or otherwise exercised any right under the Act.

**IT IS SO ORDERED** this the 3rd day of January, 2024.

LOUISE W. FLANAGAN
United States District Judge